UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LABORERS PENSION TRUST FUND -
DETROIT & VICINITY, ET AL.,

    Plaintiffs,

v.

MICHAEL WALLER, Individually and
d/b/a TRI-COUNTY SPRAY COATING
and d/b/a TRI-COUNTY BASEMENT
SPRAY COATING & CRACK REPAIR,

    Defendant.
_____/

Case No. 03-71340

Honorable Patrick J. Duggan

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, City of Detroit, County of
Wayne, State of Michigan, on JUNE 1, 2005.

    PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                       U.S. DISTRICT COURT JUDGE

Plaintiffs sought unpaid health insurance and fringe benefit contributions against Defendant Michael Waller, who owns and operates Tri-County Spray Coating. On February 25, 2004, this Court granted Plaintiffs' Motion for Summary Judgment on the issue of liability but referred the issue of damages to Magistrate Judge Steven D. Pepe. Magistrate Judge Pepe held evidentiary hearings on June 21, 2004 and September 29, 2004, and conducted telephonic conferences with counsel on August 10, 2004 and January 7, 2005. On February 11, 2005, Magistrate Judge Pepe filed a Report and Recommendation ("R&R")

recommending that judgment be entered in Plaintiffs' favor in the amount of $25,814.39 for damages, with the issue of attorney fees left open.  On March 30, 2005, this Court entered judgment against Defendant in the amount of $25,814.39.

On March 3, 2005, Defendant filed an Objection to Plaintiffs' Claim for Attorney Fees.  On March 11, 2005, Plaintiffs filed a Response seeking $18,585.50 in attorney fees and costs.  In support of their request, Plaintiffs included affidavits of costs and attorneys' fees detailing the hours billed, the billing rate for each attorney, and the work done on the case.  On March 30, 2005, this Court referred Plaintiffs' claim for attorney fees and costs to Magistrate Judge Pepe.

On April 29, 2005, Magistrate Judge Pepe filed a R&R recommending that Defendant pay Plaintiffs $18,585.50 in attorney fees and costs.  On May 9, 2005, Defendant filed objections to the R&R.  On May 13, 2005, Plaintiffs filed a response.  For the reasons set forth below, the Court shall adopt the R&R recommending that Plaintiffs be awarded $18,585.50 in attorney fees and costs.

## STANDARD OF REVIEW

The issue of attorney fees and costs is a nondispositive matter pursuant to Rule 72(a) of the Federal Rules of Civil Procedure.  FED. R. CIV. P. 72(a).  This Court is to consider Defendant's objections and modify or set aside "any portion of the magistrate's order found to be clearly erroneous or contrary to law."  *Id.*

## OBJECTION #1

Defendant argues that $18,585.50 is unreasonable based on the circumstances of the

case. Defendant contends that the critical issue in this case was how to calculate the hourly rate of his workers, who were family members. Defendant argues that throughout the litigation, his position was always consistent: he paid his workers no less than $45.00 per job, which equaled $45.00 per hour. Plaintiffs argued that the contract rate provided for an hourly rate of much less than the amount Defendant paid his workers. Ultimately, Plaintiffs were only awarded $25,814.39 in damages, although they originally sought over $100,000. Thus, Defendant contends that $18,585.50 is unreasonable in light of the damages award.

ERISA's compulsory attorney fee provision requires that such costs and fees be reasonable. 29 U.S.C. § 1132(g)(2)(D). In assessing the reasonableness of attorney fee awards, the Sixth Circuit has concluded that "in ERISA cases, there is no requirement that the amount of an award of attorneys' fees be proportional to the amount of the underlying award of damages." *Bldg. Serv. Local 17 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995).

In this case, at the time the damages issue was referred to Magistrate Judge Pepe, Plaintiffs' attorney fees were only $7,905.50. (Resp. at 2). Over one year passed between the referral and the entry of the R&R regarding damages. As noted in the R&R, Magistrate Judge Pepe was unable to determine the damage amount because "Defendant did not, until the end of the lengthy period in which the parties litigated the damages issue, provide sufficient, credible evidence to demonstrate a reliable method of calculating hours work[ed]." (R&R of Apr. 29, 2005, at 2). Moreover, although Plaintiffs received considerably less than the $100,000 amount they were originally seeking, Magistrate Judge Pepe noted that "[h]ad this evidence been presented earlier, Plaintiffs might have agreed to a lower damage amount

3

and greatly lessened the attorney time involved." *Id.*

In addition, although the damages award recommended in the R&R was significantly less than the amount requested by Plaintiffs, they did not file any objections. Rather, it was Defendant who filed objections, requiring Plaintiffs to face additional attorney fees and costs. Therefore, Magistrate Judge Pepe's award of attorney fees and costs is not clearly erroneous or contrary to law.

### **OBJECTION #2**

Defendant argues that Magistrate Judge Pepe's R&R ignores the fact that there were two attorneys billing for the same work. Defendant, however, fails to identify any instances of duplicate billing in the record. Plaintiffs provided billing information in their Brief in Support of Response to Defendant's Objection to Plaintiffs' Claim for Attorneys Fees, dated March 11, 2005. Having reviewed Plaintiffs' brief and the attached exhibits, the Court does not believe that Magistrate Judge Pepe's award of attorney fees and costs is clearly erroneous or contrary to law.

Accordingly,

**IT IS ORDERED** that an amended judgment in this case shall enter for Plaintiffs in the amount of $44,399.89, representing the damage award of $25,814.39 plus the attorney fees and costs award of $18,585.50, with post-judgment interest to accrue pursuant to 28 U.S.C. § 1961.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

4

Copies to:

Magistrate Judge Steven D. Pepe
Robert A. Farr, Jr., Esq.
David A. Monroe, Esq.